IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:25-cv-75

| | |
|---|---|
| TIFFANY LYTLE, on behalf of her minor children N.L. and M.Y., and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )    **NOTICE OF REMOVAL** |
| v. | ) |
| ASHEVILLE EYE ASSOCIATES, PLLC, | ) |
| Defendant. | ) |

PLEASE TAKE NOTICE that Defendant Asheville Eye Associates, PLLC, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes the above-captioned case from the General Court of Justice of Buncombe County, North Carolina to this Honorable Court and provides notice of the same to the General Court of Justice for Buncombe County and to counsel for Plaintiff Tiffany Lytle. Asheville Eye states the following in support of removal:

## STATE COURT ACTION

1. On or about February 14, 2025, Plaintiff filed a Class Action Complaint in North Carolina state court styled *Tiffany Lytle v. Asheville Eye Associates, PLLC*, case no. 25CV001021-100 (Buncombe Cnty.). The Complaint alleges that Plaintiff's protected information (and that of her minor children), which was in Asheville Eye's possession, was compromised as a result of a November 18, 2024 data breach. Plaintiff asserts that Asheville Eye violated requirements and standards imposed by federal statutes—the Federal Trade Commission Act ("FTC Act") and the Health Insurance Portability and Accountability Act ("HIPAA")—and federal regulations promulgated thereunder.

## REMOVAL AND JURISDICTION

**I.     The procedural requirements of removal are satisfied.**

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other documents filed in the state court action are attached as Exhibit A.

3.     28 U.S.C. § 1446(b)(1) requires that a notice of removal be filed within 30 days of service or pre-service receipt of the initial pleading, whichever is shorter. Asheville Eye received a copy of the initial pleading on February 14, 2025. Because 30 days from February 14, 2025 is March 17, 2025, this Notice is timely filed.

4.     The U.S. District Court for the Western District of North Carolina is the district court for the district embracing Buncombe County, the place where the state-court action is now pending. It is therefore a proper forum for removal. *See* 28 U.S.C. §§ 113(c), 1441(a).

5.     Asheville Eye is the only defendant in this action; all defendants therefore consent to removal.

6.     A copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the state court. *See id.* § 1446(d).

7.     If any questions arise about this removal, Asheville Eye respectfully requests the opportunity to present briefing and oral argument in support of removal.

**II.    Removal is proper because this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 & 1441.**

8.     Federal-question jurisdiction exists where a plaintiff pleads federal violations on the face of the complaint and "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)). This "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state

law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

9. Thus, federal-question jurisdiction exists where, on the face of the complaint, a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 303 (4th Cir. 2016). That is the case here.

### A. Plaintiff's right to relief depends on the resolution of substantial and disputed federal questions.

10. Plaintiff expressly predicates her state-law claims on numerous alleged violations of federal requirements. For example, she alleges that Asheville Eye:

    a. "[B]reached its duties to Plaintiffs and Class Members under the FTCA and HIPAA by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' Private Information," Compl. ¶ 172;

    b. "[B]reached its duties by failing to employ industry-standard cybersecurity measures in order to comply with the FTCA, including but not limited to proper segregation, access controls, password protection, encryption, intrusion detection, secure destruction of unnecessary data, and penetration testing," Compl. ¶ 173;

    c. "[V]iolated the FTCA and HIPAA by failing to use reasonable measures to protect the Private Information of Plaintiffs and the Class and by not complying with applicable industry standards, as described herein," Compl. ¶ 175; and

    d. Breached fiduciary duties to Plaintiff by failing to comply with 45 C.F.R. §§ 164.306(a)(1), 164.306(a)(3), 164.306(a)(2), 164.306(a)(94), 164.308(a)(1), 164.308(a)(6)(ii), 164.312(a)(1), and 164.502 *et seq.*, Compl. ¶¶ 233–240.

11. The federal violations alleged here are central to Plaintiff's case and her right to damages "necessarily turn[s] on" their resolution. *Pressl*, 842 F.3d at 303 (alteration in original). For example, Plaintiff's cause of action for negligence per se is predicated *exclusively* on violations of federal law, which violations supposedly "constitute[] negligence per se"; no other violations are alleged. Compl. ¶¶ 169–181. Thus, "*every* legal theory supporting the claim requires the resolution of a federal issue." *W. Va. State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 307 (4th Cir. 2022).

12. These federal issues are also substantial. "The substantiality question 'looks … to the importance of the issue to the federal system as a whole.'" *Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 209 (4th Cir. 2022). HIPAA and FTC Act standards apply to enormous amounts of data that modern healthcare practitioners and groups collect, process, and maintain in the course of business. More broadly, the FTC Act applies to all U.S. businesses. Finally, the FTC Act and HIPAA, and the regulations promulgated thereunder, are complicated bodies of federal law.

13. Finally, these issues are actually disputed; Asheville Eye asserts that it complied with all applicable federal laws and regulations.

### B. Federal jurisdiction will not disrupt the federal-state balance.

14. Federal jurisdiction here would "portend only a microscopic effect on the federal-state division of labor," *Grable*, 545 U.S. at 315—namely, those cases in which a private plaintiff bases her state causes of action on FTC Act or HIPAA violations. At the same time, federal-question jurisdiction guarantees that important and necessary issues of federal law are decided in federal court. *See H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 680 (S.D. Ohio 2014).

15. Hearing these claims in state court, however, could impact federal interests. Neither the FTC Act nor HIPAA creates a private right of action; Congress has assigned primary

responsibility for enforcing these standards to FTC and HHS. *See* 15 U.S.C. § 45(a)(2), (b), (m); 42 U.S.C. § 1320d-5.[1] Plaintiff's case therefore amounts to an effort to usurp the enforcement roles Congress has assigned to federal agencies.[2] Denying federal-question jurisdiction over the dispute would compound the problem by placing these issues before a state adjudicator rather than a federal one.

16. Accordingly, exercising federal-question jurisdiction is necessary and appropriate here. This Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant Asheville Eye Associates, PLLC hereby demands a jury trial on all triable issues in this action.

## CONCLUSION

WHEREFORE, notice is given that this action is removed from the General Court of Justice in Buncombe County, North Carolina to the U.S. District Court for the Western District of North Carolina.

This the 12th day of March, 2025.

---

[1] HIPAA sometimes allows state attorneys general to bring civil enforcement actions "as parens patriae" but still mandates that all such actions proceed "in a district court of the United States of appropriate jurisdiction." 42 U.S.C. § 1320d-5(d)(1).

[2] Such efforts are potentially unconstitutional even when statutorily authorized, which is not the case here. *See, e.g.*, *U.S. ex rel. Zafirov v. Fla. Med. Assocs. LLC*, No. 8:19-CV-1236-KKM-SPF, 2024 WL 4349242 (M.D. Fla. Sept. 30, 2024), *appeal pending*, No. 24-13581 (11th Cir.).

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By: <u>s/ H. Hunter Bruton</u>
H. Hunter Bruton
N.C. State Bar No. 50601
David J. Senter
N.C. State Bar No. 44782
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
hbruton@smithlaw.com
dsenter@smithlaw.com

*Attorneys for Defendant*
*Asheville Eye Associates, PLLC*

# CERTIFICATE OF SERVICE

This is to certify that on the 12th day of March, 2025, I electronically filed the foregoing pleading the Clerk of Court, using the CM/ECF system, and served it by first-class U.S. mail upon the following:

>Dana Smith
>Tyler J. Bean
>Neil P. Williams
>SIRI & GLIMSTAD LLP
>745 Fifth Avenue, Suite 500
>New York, New York 10151
>dsmith@sirillp.com
>tbean@sirillp.com
>nwilliams@sirillp.com
>
>*Attorney for Plaintiff Tiffany Lytle*

        SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.

        By:    s/ H. Hunter Bruton
              H. Hunter Bruton
              N.C. State Bar No. 50601
              David J. Senter
              N.C. State Bar No. 44782
              Post Office Box 2611
              Raleigh, North Carolina 27602-2611
              Telephone:    (919) 821-1220
              Facsimile:    (919) 821-6800
              hbruton@smithlaw.com
              dsenter@smithlaw.com

        *Attorneys for Defendant*
        *Asheville Eye Associates, PLLC*